UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

MARTIN O'BOYLE and
SHEILA O'BOYLE,

      Plaintiffs,

v.                                          CIVIL ACTION NO.  5:19-cv-445

STATE FARM FIRE & CASUALTY CO.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiffs' Motion for Summary Judgment re: Habitability [Doc. 66] and Plaintiffs' Motion for Summary Judgment re: Standard of Living Issues [Doc. 68].

*Local Rule of Civil Procedure* 7.1(a)(2) requires a memorandum of not more than twenty (20) pages in length to accompany a motion for summary judgment.  The Rule additionally provides as follows:

> Motions to exceed the page limitation will be denied absent a showing of good cause.
>
> If a memorandum is not submitted as required by this rule or by the court, the motion will be denied without prejudice.

*Id.*

The best exemplar of a drafter's intent is the text chosen. *See Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004); *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999). As the Supreme Court has noted time and again, "[W]hen . . . [a provision's] language is plain, the sole function of the courts—at least where the disposition required by the text *is not absurd*—is to

enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank*, *N. A.*, 530 U.S. 1, 6 (2000) (emphasis added) (internal quotation marks omitted) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989); and then quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).

The parsed provisions of Local Rule 7.1(a)(2) are clear and unambiguous. But, in order to assure compliance with the Rule, the O'Boyles' peculiar approach requires further study of those separate provisions *in pari materia*.

The filing of two separate memoranda in support, for two entirely separate summary judgment motions, filed simultaneously no less, transgresses Local Rule 7.1(a)(2). A movant, as here, might simply file a separate summary judgment motion on each of the multiple issues in a case, then push each supporting memorandum to the page limit, and ultimately work an unusually burdensome effect upon both the opponent and the Court, all while adhering to the isolated provisions of the Rule. That absurd and undesirable result is the precise type of harm sought to be avoided by the page limitation contained in Local Rule 7.1(a)(2).

While an examination of the intent behind the provision is both unwarranted and unnecessary, the Undersigned is satisfied with his vantage point otherwise, having (1) participated in the drafting of the predecessor versions of Local Rule 7.1(a)(2), (2) observed its historical usage by the Bar, and (3) noting its routine application by multiple colleagues both presently and formerly sitting in the District over a period of decades.

Based upon the foregoing discussion, and the entirety of the proceedings heretofore, the Court **ORDERS** as follows:

1. Plaintiffs' Motion for Summary Judgment re: Habitability [**Doc. 66**] and Motion for Summary Judgment re: Standard of Living Issues [**Doc. 68**] are **DENIED WITHOUT PREJUDICE**;

2. Plaintiffs' are given leave to file a single, unified summary judgment motion and accompanying memorandum on or before **November 1, 2020**, with a response and reply filed, respectively, not later than **November 14 and November 21, 2020**; and

3. A revised Scheduling Order will be entered forthwith to extend remaining case events.

    The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER:      October 14, 2020

Frank W. Volk
United States District Judge